THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ LAUREANO FIGUEROA, RAFAEL LAUREANO FIGUEROA, and PEDRO TORRES NINGUI, Defendants and Appellants.

No. CR-68-159.     Decided May 27, 1969.

*Miguel A. Quiñones Vázquez* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

PER CURIAM: The prosecuting attorney filed an information against José Laureano Figueroa, Rafael Laureano Figueroa, and Pedro Torres Ningui, charging them that on September 30, 1966, they stole 8 wire rolls valued at more than $100 which were the property of the Puerto Rico Water Resources Authority.

A jury found them guilty of grand larceny and they were sentenced to serve from 2 to 10 years in the penitentiary. The three appealed through an attorney, but two of them, José and Rafael Laureano Figueroa have not perfected their appeals for which the same shall be dismissed.

The facts, as correctly summarized by the Solicitor General, are the following:

"On or about September 30, 1966, at about two o' clock in the morning and during the time at which two policemen from Humacao were patrolling along the road to Yabucoa, where the local office of the Water Resources Authority is located, they saw three individuals carrying a wire roll towards a truck which was parked close to the fence of the aforesaid office in an alley which leads to the same. In the truck there were seven additional wire rolls which they had already taken out. When the police directed the spotlight of the official vehicle upon them they threw down the wire roll and ran away, but one of them, José Laureano Figueroa, was caught. The other two, Rafael Laureano Figueroa and Pedro Torres Ningui [appellant] escaped, being arrested afterward in Caguas, where they lived, by means of the information given by José Laureano Figueroa.

"José Laureano Figueroa denied having intervened in the theft of the wire rolls and tried to justify his presence at the scene of the offense on the ground that he had gone to make a moving to Humacao and that the truck had gone dead and that he had parked it off the pavement, near the office of the Water Resources Authority, so that he could fix it, when the police intervened with him. [Tr. Ev. p. 127.]

"He explained that he had identified his brother Rafael and Torres Ningui as the ones who participated in the commission of the offense, so that the police would leave him alone and give him something to eat [Tr. Ev. p. 123] and because where he lived he did not know anyone by first and last name. [Tr. Ev. p. 130.]

"The other two codefendants presented the defense of alibi, by means of the testimony of their respective wives, who testified that they were sleeping in their respective homes on the date of the occurrence of the alleged facts. [Tr. Ev. pp. 88–99.]"

Appellant Pedro Torres Ningui assigns the commission of six errors. In the first one he charges the judge with having interfered unduly and excessively with the functions of the prosecuting attorney thus depriving him of a fair and impartial trial.

■ The questions made by the judge both to the policeman and to Raúl Vélez were made for the purpose of clarifying some facts which did not arise clearly from their testimony, such as the distance at which the policeman had been from the defendants the day of the occurrence, whether he had seen their faces and whether the place was illuminated and as to Vélez the questions were likewise directed to clarify facts about which Vélez had already testified, especially in relation to the identification of the stolen wire. The general trend of the question was not intended to support the information, *People* v. *Acevedo,* 35 P.R.R. 886 (1926), or to challenge or contradict the witnesses, therefore, the facts of this case do not come within the rule established in *People* v. *Bartolomei,* 70 P.R.R. 664 (1949) and *People* v. *Aletriz,* 85 P.R.R. 621 (1962). See also, *People* v. *Piñero,* judgment of January 29, 1969.

He assigns as the second error that the verdict was contrary to the evidence and in the third he assigns as an error the refusal of the court to reduce the degree of the offense.

■ His contention is that it was not proved that the stolen property had a value of more than $100. We do not agree.

Vélez testified that the stolen wire had a value of $350. His testimony was not rebutted and was sufficient to fix the value of the property. *People* v. *Bonilla*, 83 P.R.R. 286 (1961).

The fourth error, to the effect that Vélez' testimony as to the missing of the stolen wire was hearsay testimony, and that it should not have been admitted over the defense's objection is untenable. Vélez testified that he personally verified with his employees the missing of the wire rolls from some trucks which were parked at the tenements of the Water Resources Authority and that he saw them afterward at the police station where they were delivered to him.

■ Invoking the case of *Bruton* v. *United States*, 20 L.Ed.2d 476, appellant alleges in his fifth assignment that his conviction was based on the extrajudicial statement of codefendant José Laureano. Besides this extrajudicial statement, there was evidence that appellant was seen together with José and Rafael Laureano carrying a wire roll when the police arrived at the place where the theft was being committed. But, aside from this, José Laureano testified during the trial denying the facts. Appellant had the opportunity to cross-examine the witness for which reason *Bruton* is inapplicable. See *People* v. *Méndez Nadal, post,* p. 470.

■ The sixth and last assignment of error is untenable. It attacks the admission in evidence of the extrajudicial statement of codefendant José Laureano because the latter was not warned of his right to legal assistance and not to incriminate himself. Said protection should be invoked by José Laureano and not by appellant herein.

The judgment appealed from will be affirmed.